{¶ 70} I concur in the majority's disposition of Appellant's first assignment of error. However, I find no error in the trial court's instruction on self-defense. Unlike the majority, I do not believe the trial court's instruction implicitly implied a duty to retreat.
 {¶ 71} There is a conceptual difference between the duty to retreat and the availability of a means of escape; albeit a subtle one and one difficult to capture in words. The inclusion of both elements separately in the Ohio Supreme Court's decision in Robbins "implicitly" suggests the Ohio Supreme Court finds a distinction between the two. I suggest, one may have avenues of escape even in one's own home without retreating from one's home.
 {¶ 72} I concur in the majority's analysis and disposition of appellant's second assignment of error.
 {¶ 73} Finally, I concur in the majority's disposition of appellant's third assignment of error, but do so for a different reason. The majority finds counsel was not ineffective for not objecting to the self-defense instruction because the majority already found in the first assignment of error a different instruction would not have changed the outcome. (Majority Opinion at ¶ 64). The majority analyzed Appellant's first assignment of error using the plain error test. I believe the prejudice analysis under an ineffective assistance of counsel claim is different than that for plain error. The plain error test is higher or more difficult for a defendant to establish. While a finding of no prejudice in an ineffective assistance of counsel claim would necessarily preclude a finding of plain error based upon counsel's alleged ineffectiveness, the same does not apply inversely. *Page 16 
 {¶ 74} I also disagree with the majority's finding counsel's injection of Appellant's cocaine usage was a tactical decision certainly within the purview of trial counsel. However, I do agree a reasonable probability does not exist that this limited testimony affected the outcome of the trial.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Stark County Court of Common Pleas is affirmed. Costs assessed to appellant. *Page 1